# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON KLOCK,** | : | **CIVIL NO. 1:11-CV-1468** |
| | : | |
| **Plaintiff** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **v.** | : | |
| | : | |
| **LIVE NATION** | : | |
| **ENTERTAINMENT, INC.;** | : | |
| **LIVE NATION WORLDWIDE, INC.;** | : | |
| **RASCAL FLATTS** | : | |
| **ENTERTAINMENT, INC.;** | : | |
| **RASCAL FLATTS** | : | |
| **PRODUCTIONS, INC.;** | : | |
| **RASCAL FLATTS TOURING,** | : | |
| **INC.; and BANDIT LITES, INC.,** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the Court is Defendants' motion to dismiss plaintiff's claims for punitive damages and attorney's fees.[1]  (Doc. 4.)  The parties have briefed the issues, and the matter is ripe for disposition. For the reasons below the motion will be denied.

## I.        Background

### A.     Facts[2]

At all times relevant to this complaint, Plaintiff was employed by Hershey Entertainment & Resorts Company ("HerCo").  Specifically, on August 29, 2009, Plaintiff was working as a stage hand for the Rascal Flatts concert at Hersheypark Stadium. (Doc. 1-1, Compl., ¶ 2). Defendants were responsible for

---

[1]        Plaintiff has since voluntarily withdrawn his claim for attorney's fees. (Doc.22 at 2).

[2]        As required when ruling on a motion to dismiss, the court accepts as true all well pled factual allegations in the complaint.

controlling, directing, instructing, and ordering HerCo employees, including Plaintiff, regarding how to prepare the stage and equipment for the concert. (*Id.*, ¶ 16).

During preparation, but before Rascal Flatts took the stage, it started to rain. (*Id.*, ¶ 18). Plaintiff alleges that the rain caused Defendants to begin hurrying the preparation of the concert stage and its related equipment. (*Id.*, ¶ 18). During this rush to prepare, Plaintiff alleges that a female employee of Defendant Bandit Lites, ordered Plaintiff and other HerCo employees to manually lift a case weighing approximately 450 pounds. (*Id.*, ¶ 19, 20). Plaintiff alleges that under ordinary circumstances the standard procedure would be to lift the case with a forklift. (*Id.*, ¶ 22) Plaintiff and the HerCo employees were unable to sustain the weight of the case, and the case fell crushing Plaintiff's wrist. (*Id.*, ¶ 24).  Plaintiff required medical attention, which included two surgeries in an attempt to restore the functionality of his wrist. (*Id.*, ¶¶ 26, 27).

## B.    Procedural History

Plaintiff filed an Amended Complaint in the Court of Common Pleas of Dauphin County, Pennsylvania, on July 26, 2011. On August 9, 2011, Defendants Rascal Flatts Touring, Inc., Rascal Flatts Fans, Inc., Rascal Flatts Entertainment, Inc., and Rascal Flatts Productions, Inc. ("Rascal Flatts")  removed the case to this court. (Doc. 1.)  On August 16, 2011, Live Nation Entertainment, Inc. and Live Nation Worldwide, Inc. ("Live Nation") filed a Motion to Dismiss Plaintiff's Claims for Punitive Damages and Attorney's Fees (Doc. 4) along with a Brief in Support (Doc. 5), which were subsequently adopted via Joinder by Rascal Flatts and Defendant Bandit Lites, Inc.  (Doc. 11, Doc. 34) . On August 26, 2011, Plaintiff filed his Brief in

Opposition (Doc. 22). Defendants' reply was filed on September 9, 2011 (Doc. 33). The motion is now ripe for disposition.

## II.        **Legal Standard**

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009)).

The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998

3

F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.    Discussion

Plaintiff brings a negligence claim under Pennsylvania state law seeking punitive damages. The Plaintiff asserts that the actions of an agent of the Defendants, a female employee of Bandit Lites, constituted "outrageous conduct that exhibited a reckless indifference to the rights of Plaintiff."[3] (Doc. 22, at 4). The Defendants' assert in their motion to dismiss that the "claim for punitive damages

---

[3]Plaintiff admits that the facts do not show that Defendants had some evil motive to purposely injure his wrist. (Doc. 22 at 4). Thus, the mental state of reckless indifference will be the only issue discussed.

should be dismissed because the Amended Complaint fails to set forth facts that would support an award of punitive damages." (Doc. 5 at 4). Defendants' motion to dismiss will be denied as premature in this stage of the litigation.

The standard governing the award of punitive damages in Pennsylvania is well settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchinson v. Luddy,* 870 A.2d 766, 770 (Pa. 2005) ((citing *Feld v. Merriam*, 485 A.2d 742,747 (Pa. 1984)(quoting Restatement (Second) of Torts §908(2) (1979)). The purpose of a punitive damage award, as the name suggests, is to punish the wrongdoer for their outrageous conduct and to deter him or others like him from carrying on similar conduct in the future. *See SHV Coal, Inc. V. Continental Grain Co.* 587 A.2d 702, 704 (Pa. 1991).

The Pennsylvania Supreme Court has set this standard out in a two-part test as follows: "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Hutchinson v. Luddy*, 870 A.2d 766, 770 (2005).

At this early stage of the proceedings, this court cannot say that Plaintiff will not be able to prove a set of facts in support of his claim for punitive damages against the Defendants. Plaintiff has alleged that "Defendants were in a rush to prepare the concert stage and its related equipment due to the rain, and despite the safety risk and availability of forklifts and other machinery to lift this case weighing approximately 450 pounds, Defendants ordered that Plaintiff and other HERCO

employees lift the case with nothing more than their own body strength." (Compl. ¶ 23). These facts, taken as true could lead to the reasonable inference that (1) Defendant, through its agents, had a subjective appreciation that lifting the case manually rather than with machinery exposed the Plaintiff to a risk of harm and that (2) because Defendant was in a rush to set up the concert stage due to the rain, Defendant consciously disregarded the risk of injury to Plaintiff. Thus, the claim for punitive damages is facially plausible and it is not proper to dismiss the claim at this stage of the litigation.

Defendant further argues that "punitive damages may not be awarded for misconduct that constitutes ordinary negligence." (Doc. 4 at 4). This Court agrees with the Defendant that the standard necessary to prove a negligence claim or a gross negligence claim will not justify a punitive damages award. *See SHV Coal, Inc.,* 587 A.2d at 705 (internal citations omitted).   However, in certain circumstances, conduct which gives rise to a cause of action for negligence may also allow an award of punitive damages. The theory of liability and the issue of damages are distinct issues and should not be conflated. As the *Hutchinson* court states, "neither is there anything in law or logic to prevent the plaintiff in a case sounding in negligence from undertaking the additional burden of attempting to prove, as a matter of damages, that the defendant's conduct not only was negligent but that the conduct was also outrageous, and warrants a response in the form of punitive damages." *Hutchinson v. Luddy*, 870 A.2d at 772. Consistent with this analysis, the fact that Plaintiff's cause of action rests on a negligence theory does not prevent him from attempting to prove that outrageous conduct occurred which would entitle to him to punitive damages.

## IV.        Conclusion

In accordance with the foregoing discussion, the court will deny Defendants' motion to dismiss.  An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  February 1, 2012.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON KLOCK,** | : | **CIVIL NO. 1:11-CV-1468** |
| **Plaintiff** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **v.** | : | |
| | : | |
| **LIVE NATION** | : | |
| **ENTERTAINMENT, INC.;** | : | |
| **LIVE NATION WORLDWIDE, INC.;** | : | |
| **RASCAL FLATTS** | : | |
| **ENTERTAINMENT, INC.;** | : | |
| **RASCAL FLATTS** | : | |
| **PRODUCTIONS, INC.;** | : | |
| **RASCAL FLATTS TOURING,** | : | |
| **INC.; and BANDIT LITES, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**, Defendant's motion is **DENIED**.

s/Sylvia H. Rambo_____
United States District Judge

Dated:  February 1, 2012.